MARIE W. KRAFSKY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Krafsky v. Commissioner
Docket No. 17452-89
United States Tax Court
T.C. Memo 1991-256; 1991 Tax Ct. Memo LEXIS 299; 61 T.C.M. (CCH) 2834; T.C.M. (RIA) 91256; June 6, 1991, Filed *299 Decision will be entered for the petitioner. John R. Crayton, for the petitioner. Lisa Primavera-Femia, for the respondent. PETERSON, Chief Special Trial Judge. PETERSON
MEMORANDUM FINDINGS OF FACT AND OPINION This case was heard pursuant to the provisions of section 7443A(b) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined a deficiency in petitioner's Federal income tax for the year 1986 in the amount of $ 6,337.00 and additions to tax pursuant to the provisions of section 6653(a)(1)(A) and (B) in the amounts of $ 298.00 and 50 percent of the interest due on the deficiency of $ 6,337.00, respectively. Respondent also determined that petitioner was liable for an addition to tax under section 6661 in the amount of $ 1,577.00. The issues for decision are (1) whether petitioner is an innocent spouse within the meaning of section 6013(e), (2) whether petitioner is liable for the additions to tax under section 6653(a)(1)(A) and (B) for negligence or an intentional disregard of rules or *300 regulations, and (3) whether petitioner is liable for the addition to tax under section 6661 for substantially understating her 1986 income tax. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Edison, New Jersey, at the time her petition was filed. Petitioner Marie Krafsky was married to Melvin Krafsky for almost 25 years when he died in May of 1987. Throughout their marriage she provided most of the financial support for their household. Mrs. Krafsky paid the mortgage, utilities, food, and other household expenses out of her salary as a teacher. Although her husband had his own business and worked for several companies, he was never successful enough to provide other than occasional support. Mr. Krafsky's contributions to the household occurred mainly in the latter months of summer when Mrs. Krafsky was not receiving her teacher's salary. At trial Mrs. Krafsky generally described her husband as financially irresponsible. Throughout the course of their marriage, Mr. Krafsky was in one kind of financial difficulty after another. He was not able to stay *301 with jobs after he became bored with them. In the 1970s he was forced to declare bankruptcy as a result of an auto parts business he had bought. At another time he had difficulties with his State and Federal taxes. Mr. Krafsky had a gambling problem and several times Mrs. Krafsky discovered cash advances from casinos charged to her credit card. Mr. Krafsky also borrowed money from Mrs. Krafsky when he needed extra funds. On occasion, Mr. Krafsky had overdrafts on his checking account; Mrs. Krafsky had to cover the overdrafts. To protect his wife from his financial difficulties, Mr. Krafsky insisted that he and Mrs. Krafsky keep their finances separate. Petitioner and Mr. Krafsky each maintained their own bank accounts. They also filed separate tax returns each year. When Mr. and Mrs. Krafsky filed jointly for 1986, it was the first time they had done so in the course of their marriage. They filed jointly that year because Mr. Krafsky had assured petitioner that he was now "all caught up" with his taxes and that they could safely file a joint return. In 1986 Mrs. Krafsky had wages of approximately $ 28,000 from her teaching job. She also had small amounts of interest income. *302 Mr. Krafsky had his own business that year, a sole proprietorship under which he contracted his services to New Jersey Bell and Gray's Appraisal Service. He reported gross income of approximately $ 28,000 and net income of approximately $ 18,000 from his business. Mr. Krafsky understated the income from his business in 1986 by approximately $ 16,000 and failed to report $ 631.00 of winnings he had received from the New Jersey State Lottery Commission. He also failed to report two other small items of income. Respondent thus determined a deficiency in the Krafsky's income tax for that year in the amount of $ 6,337.00. Respondent also determined that petitioner was liable for additions to tax under sections 6653(a) and 6661. Petitioner contends that she should be relieved of the joint and several liability imposed by section 6013(d)(3) for the deficiency because she is an "innocent spouse" under section 6013(e). OPINION When a husband and wife file a joint return, they are generally jointly and severally liable for the tax due thereon. Sec. 6013(d)(3). Therefore, notwithstanding the fact that petitioner's efforts did not produce the omissions from income, she is individually *303 liable for the tax resulting from these determinations unless she qualifies as an "innocent spouse." An "innocent spouse" will be relieved of liability if all of the following elements are met: (A) a joint return has been made under this section for a taxable year, (B) on such return there is a substantial understatement of tax attributable to grossly erroneous items of one spouse, (C) the other spouse establishes that in signing the return he or she did not know, and had no reason to know, that there was such substantial understatement, and (D) taking into account all the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement * * *. [Sec. 6013(e)(1)] All four statutory requirements must be met for petitioner to be afforded relief, , and petitioner bears the burden of proving that each element has been satisfied. ; Rule 142(a). As the parties have stipulated to the first two elements, petitioner must prove only *304 that she did not know and had no reason to know that there was a substantial understatement and that it would be inequitable to hold her liable for the deficiency. To satisfy the "knowledge" requirements of section 6013(e)(1)(C), petitioner must establish that in signing the 1986 joint return she did not know and had no reason to know that there was a substantial understatement of tax. Thus, it is not enough for petitioner to show that she lacked actual knowledge of the understatement. She must also show that she had no reason to know of the understatement. ; This issue is essentially factual. In order to prove that petitioner had no reason to know of the understatement, she must convince us that a reasonably prudent person with her knowledge of the surrounding circumstances would not and should not have known of the omissions, keeping in mind her level of intelligence, education, and experience. . We stated in , *305 that "the standard to be applied is whether a reasonable person under the circumstances of the taxpayer at the time of signing the return could be expected to know" of the understatement. We conclude that petitioner did not know and had no reason to know of the understatement. Throughout petitioner's marriage to Mr. Krafsky, it was her salary that was the primary source of support for their household. Mr. Krafsky was never able to make more than occasional contributions toward household expenses. Beyond the Krafsky's domestic circumstances, other facts would prevent a reasonable person from knowing that he had unreported income. Petitioner's knowledge of her husband's finances was that he had overdrafts at his bank, that he had charged cash advances to her credit card, and that from time to time he had to borrow money from her to meet his business expenses. Given these facts and circumstances, we also conclude that it would be inequitable to hold petitioner liable for the deficiency attributable to the understatement. As petitioner has satisfied the elements required by section 6013(e), she is entitled to be relieved from the liability for the deficiency arising from the unreported *306 income. Consequently, we also hold that she is not liable for the additions to tax under sections 6653(a) and 6661. Decision will be entered for the petitioner.